# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2009

No. 08-30630

Charles R. Fulbruge III
Clerk

JOYCELYN BALLARD

Plaintiff-Apellant

v.

BUNGE NORTH AMERICA INC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans

Before GARWOOD, OWEN and HAYNES, Circuit Judges.

PER CURIAM:[*]

The record as it now stands reflects a fact issue as to whether, on at least one of the claimed occasions in 2006, plaintiff-appellant Ballard, while inspecting the grain of defendant-appellee Bunge, suffered some compensable and more than wholly trivial adverse physical reaction, of at least some more than wholly momentary duration, as a result of her then exposure to the presence of phosphine gas or other toxic fumes in the grain being inspected. Accordingly, the district court erred in granting summary judgment dismissing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ballard's suit with prejudice. We thus reverse the district court's judgment and remand for further proceedings not inconsistent herewith.

REVERSED and REMANDED

OWEN, Circuit Judge, concurring.

I concur in the judgment. I write separately to clarify my understanding of the current record.

Based on the record before us, there is evidence that Joycelyn Ballard was exposed to phosphine gas at a level of 2.5 ppm, and there is a fact question as to whether the symptoms that Joycelyn Ballard experienced immediately thereafter that day were caused by this exposure. Ballard's expert witness presented competent evidence that exposure to intermittent concentrations of 0.4 to 35 ppm have been linked to diarrhea, nausea, abdominal pain, vomiting, tightness of the chest, breathlessness, soreness or pain in the chest, palpitations, headache, dizziness, staggering, skin irritation or burns. There is no indication of anything other than exposure to phosphine as the cause of Ballard's symptoms immediately following her exposure.

However, there is no competent evidence in the present record that any of Ballard's symptoms or illnesses of longer duration or that subsequently manifested were caused by the exposure to phosphine. Accordingly, although there is no evidence at present to support Ballard's claims of longer-term impairment or the exacerbation of a previously existing condition, she has presented some evidence that she experienced relatively minor and temporary injury as a result of exposure to phosphine. Summary judgment disposing of Ballard's claims in their entirety could not be rendered in favor of Bunge North America based on this record.

Judge Haynes joins in this concurring opinion.